

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 24, 1939

Honorable W. O. Reed
Chairman, Judiciary Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-343
Re: The constitutionality of
House Bill No. 188, providing
for the escheat of funds held
by pipe line companies.

We acknowledge receipt of your letter of Feb. 14, 1939, in which you request our opinion on six questions which you ask relative to Committee Amendment No. 1 and Committee Amendment No. 2 to H. B. No. 188. Copies of said two amendments are attached hereto.

Your first question is as follows:

"Under the bill, would a plea in abatement by a pipe line company, or others affected by the bill, if sued by a claimant, be sustained by the court?"

In answer to your first question our opinion is that a plea in abatement by a pipe line company, if sued by the owner of funds held by such company, would not be sustained by the court. The amendments submitted to us require the pipe line companies to file reports with the Comptroller and the State Treasurer, but there is no provision requiring the payment of any sums to the State Treasurer nor fixing the time or manner of such payment. Any payment which might be made by a pipe line company to the State Treasurer would therefore be a voluntary payment. Such payment would not discharge the liability of the pipe line company to its creditor. Furthermore, inasmuch as the amendments are in our opinion unconstitutional, a payment made in compliance with the statute would not excuse the pipe line company from liability. Luter v. Hunter, 30 Tex. 688; Levison v. Norris, 30 Tex. 713; Levison v. Krone, 30 Tex. 714.

460

Your second question is as follows:

"If the plea in abatement would not be good under
question one, would it be good if the suit were
brought against the State Treasurer?"

In answer to your second question, our opinion is
that a plea in abatement, if suit were brought against the
State Treasurer, would not be good because the bill as amended
would not be constitutional, and a suit against a State officer
for property wrongfully taken under an unconstitutional statute
is not considered a suit against the State. Poindexter v.
Greenhow, 114 U. S. 270, 5 Sup. Ct. 903, 29 L. Ed. 185.

Your third question is as follows:

"Under this bill, what are the rights of minors,
married women, heirs, insane persons, etc?"

In answer to your third question, our opinion is
that the rights of minors, married women, heirs, insane persons,
etc., would not be affected by the bill as amended because the
bill in our opinion is unconstitutional for the reasons herein-
after stated.

Your fourth question is as follows:

"What is your opinion as to the constitutionality
of the bill, insofar as it affects the contract clause?"

In answer to your fourth question, our opinion is that
the bill as amended is unconstitutional in so far as it affects
the contract clause of the Federal Constitution. The bill as
amended is indefinite with reference to the time when funds shall
be considered to be escheated to the State. No provision is made
for notifying the owners of the transfer of the funds to the
State treasury or of the intention of the State to escheat the
same. The bill does not grant a cause of action against the
State in substitution for the cause of action against the pipe
line company. For the reasons stated, we believe that the bill
as amended is unconstitutional as being in contravention of the
due process and contract clauses of the Federal Constitution.
State v. Cook, 41 Oh. App. 149, 180 N. E. 554; 125 Oh. St. 206,
180 N. E. 896.

W. O. Reed, February 24, 1939, page 3

Your fifth question is as follows:

"Under the bill, would those subject to its provisions
be liable to a claimant where they (companies) have
turned the money into the State Treasury?"

In answer to your fifth question, our opinion is that
under the bill as amended the pipe line companies would be liable
to the owner for any money which the pipe line companies paid
to the State Treasurer. As stated in our reply to your first
question, a payment made in compliance with an unconstitutional
statute would not be a valid defense to a suit by the creditor
against the pipe line company.

Your sixth question is as follows:

"Do you know whether or not similar bills have been
passed by other states, and if so, have they been
held constitutional under the respective state's
constitution?"

We have found that statutes providing for the escheat
of bank deposits, deposits with public utilities and other
corporations, and similar statutes, have been passed by a large
number of states, and where the statutes were reasonable and
provided for proper means of notifying owners and possible
claimants to deposits or funds, such statutes have been held
to be constitutional. Cases holding such statutes to be
constitutional are as follows:

Massachusetts, Attorney General v. Provident Institu-
tion for Savings, 201 Mass. 23, 86 N. E. 912; affirmed in Provi-
dent Institution for Savings v. Malone, 221 U. S. 660, 31 Sup.Ct.
661, 55 L. Ed. 899.

California, Security Savings Bank v. State of Cali-
fornia, 263 U. S. 282, 44 Sup. Ct. 108, 68 L. Ed. 301, 31
A.L.R. 391.

In First National Bank of San Jose v. State of California,
--- U. S. 366, 43 Sup. Ct. 602, 67 L. Ed. 1030, it was held that
California statute could not validly apply to National banking
Institutions.

Hon. W. O. Reed, February 24, 1939, page 4

Pennsylvania, Commonwealth v. Dollar Savings Bank, 259 Pa. 138, 102 Atl. 569, 1 A.L.R. 1048; Germantown Trust Co., v. Powell, 265 Pa. 71, 108 Atl. 441.

Michigan, Starr v. Schramm, 24 F. Supp. 888.

Oregon, State v. First National Bank, 61 Ore. 551, 123 P. 712.

New York, Brooklyn Borough Gas Company v. Bennett, 277 N. Y. Supp. 203, 154 Misc. 106.

In addition to the laws involved in the foregoing cases, the following statutes relate to the same subject matter:

Revised Code of Arizona (Struckmeyer, 1928) Sections 253-266.

Revised Laws of Hawaii (1935), Sections 4236-4237.

Laws of the Territory of Hawaii, Regular Session, 1937, Act No. 74, p. 151, April 26, 1937.

Laws of the Territory of Hawaii, Regular Session, 1935, Act No. 192, p. 156.

Compiled Laws of Michigan (1929), Articles 13460-13477.

Laws of Pennsylvania, 1929, Sections 1301-1314, pp.407-420.

Laws of Pennsylvania, 1935, No. 37, pp.190-195, May 16, 1935.

Laws of Pennsylvania, 1935, No. 38, pp. 195-200, May 16, 1935.

Laws of Pennsylvania, 1937, No. 403, pp. 2063-2072, June 25, 1937.

Oregon Code Annotated (1930) Sections 11-1212 to 11-1217.

Laws of Oregon, 1937, chapter 26, pp. 28-30, Feb. 13, 1937.

Laws of Oregon, 1937, chapter 217, p. 306, March 6, 1937.

Wisconsin Statutes (1937), Section 220.25.

New Hampshire Public Acts (1926), chapter 268, Section 25.

Minnesota Statutes (1938 Supp.) Sections 7658-21 to 7658-29 (Act of April 22, 1937, chapter 358.)


We have not undertaken to make a complete list of all statutes providing for escheats of abandoned bank deposits or statutes containing similar provisions, but we believe that the foregoing list contains the more important statutes passed within recent years.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *James P. Hart*

James P. Hart
Assistant

JPH:ARM

APPROVED:

ATTORNEY GENERAL OF TEXAS

ENCLOSURES